# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 19-60523
Summary Calendar

Marcela J. Mendez Maldonado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 706 058

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Marcela J. Mendez Maldonado, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum and withholding of removal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60523

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

To establish eligibility for asylum, an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Mendez Maldonado contends that the BIA erred in determining that her proposed social group of Salvadoran women was not cognizable.[1] "[A] particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). The category "Salvadoran women" "encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors." *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *Miranda Fuentes v. Garland*, 844 F. App'x 779, 780 (5th Cir.

---

[1] The Government requests, as they did in a previous motion, that we remand this case to allow the BIA to decide this question. This Court previously denied the Government's motion to remand. Mendez Maldonado correctly notes in her brief that the BIA did address this issue and so remand is inappropriate. Accordingly, we address the issue here.

2021).[2]    Absent some additional showing, for instance that Salvadoran women nationwide are persecuted because of their gender or a characteristic particular to their gender, Mendez Maldonado's proposed social group is not particular.  *See Chavez-Chilel v. Att'y Gen. United States*, --- F. 4th ---, 2021 WL 5830338, at *4 (3d Cir. 2021).  Accordingly, the BIA did not err in determining that the category Salvadoran women was not cognizable as a particular social group.

Mendez Maldonado next challenges the BIA's determination that she failed to demonstrate a nexus between her family membership and the suffered persecution.  In determining whether there is a nexus, we examine "whether the protected ground is one central reason motivating the *persecutor*, not the *persecuted*."  *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021).  Despite her assertions to the contrary, Mendez Maldonado's testimony reflects that she was harassed by and sexually assaulted by a MS-13 gang member because he wanted her to be his girlfriend.  In fact, there is nothing in the record to suggest that the gang members invaded her home or attempted to harm her because of her relationship with her sister.  Accordingly, the BIA did not err in determining that she failed to demonstrate a nexus between her family membership and the suffered persecution.

Because the BIA did not err in determining that Mendez Maldonado was not persecuted on account of a protected ground, we need not address her argument that the Salvadoran government was unable or unwilling to protect her or that she could not safely relocate within El Salvador.  *See*

---

[2] Although an unpublished opinion issued on or after January 1, 1996, is generally not controlling precedent, it may be considered as persuasive authority.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 19-60523

*Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

Finally, because Mendez Maldonado "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," she cannot meet the more stringent burden for obtaining withholding of removal, and therefore she is unable to demonstrate that the BIA erred in disposing of this claim. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)).

Based upon the foregoing, the petition for review is DENIED.